IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL E. STUDIVENT, | ) |
| | ) |
| Plaintiff, pro se, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION**, |
| SAMUEL LANKFORD, DEBORAH | ) **ORDER, AND** |
| LANKFORD, LANKFORD PROTECTIVE | ) **RECOMMENDATION** |
| SERVICES, VICKIE HUSKEY, AND | ) |
| THE CRIMINAL JUSTICE EDUCATION | ) 1:10CV144 |
| AND TRAINING STANDARDS COMMISSION, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for a review of Plaintiff's application to proceed *in forma pauperis* (IFP). For the reasons set out below, IFP will be granted for the limited purpose of entering this order and recommendation, the clerk will be directed to file the complaint, and it will be recommended that the complaint be dismissed.

**Facts**

On February 19, 2010, Plaintiff filed a request to proceed *in forma pauperis* concurrently with his complaint seeking relief pursuant to 42 U.S.C. § 1983 and a state common law defamation claim. (Docket no. 2.) Defendant Lankford Protective Services ("LPS") is a private security firm in Greensboro, North Carolina, owned and operated by Defendants Samuel and Deborah Lankford (hereinafter "Lankford Defendants"). (Compl. ¶ II (B) & (C).) Plaintiff was employed by LPS, but his

employment with the company was terminated. (*Id.* ¶ III (1).) Broadly construed, Plaintiff's complaint alleges that the Lankford Defendants placed damaging information in his employment record and thereby compromised his right to seek employment as a law enforcement officer. (*Id.* ¶ III (5).) In addition, Plaintiff alleges that Defendant Vickie Huskey, in her capacity as an employee of the Criminal Justice Education and Training Standards Commission (hereinafter "Standards Commission"), conspired with the Lankford Defendants to prevent Plaintiff from pursuing a career in law enforcement.[1] (*Id.*) Although not expressly articulated, Plaintiff's complaint also seems to assert a state law claim of defamation against all of the named Defendants. (*Id.* ¶ III (20).)

**Discussion**

Plaintiff seeks to proceed *in forma pauperis*. Accordingly, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be

---

[1] Even very broadly construed, Plaintiff's complaint does not appear to assert an individual claim pursuant to Section 1983 against Defendant Vickie Huskey, nor does his complaint contain any allegations against the Standards Commission as an entity. His allegations with respect to Vickie Huskey and the Standards Commission are limited to a claim that, as an employee of the Standards Commission, Vickie Huskey facilitated the Lankford Defendants' plan to compromise Plaintiff's reputation and career. Although Plaintiff is proceeding *pro se* and is thus deserving of a measure of leniency, the courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, with respect to Defendants Vickie Huskey and the Standards Commission, the court will confine its inquiry to Plaintiff's conspiracy claim against Ms. Huskey.

granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008) and *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Id.* Indeed, as the Fourth Circuit recently recognized, "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**Plaintiff's Section 1983 Claim against LPS and the Lankford Defendants**

To state a claim under Section 1983, a plaintiff must establish (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff claims that the Lankford Defendants placed damaging information regarding his termination in his employment record and subsequently disclosed that record to potential employers.

3

(Compl. ¶ III.)  The Fourth Circuit has held that a Fourteenth Amendment "liberty interest is implicated by public announcement of reasons for an employee's discharge."  *Johnson v. Morris*, 903 F.2d 996, 999 (4th Cir. 1990).  Thus, Plaintiff has alleged infringement of a cognizable constitutional right.

Plaintiff has failed, however, to establish that the Lankford Defendants acted under color of state law.  To prove that a defendant acted under color of state law, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506) (4th Cir. 1999)).  Although a private entity may be deemed a state actor if the private actor performs functions that are "traditionally the exclusive prerogative of the State," *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974), Plaintiff has not pled any facts to show that the Lankford Defendants were state actors or that their actions were those traditionally within the exclusive purview of the state.  Indeed, Plaintiff's allegations relate exclusively to actions taken by the Lankford Defendants with respect to their position as a private employer.[2]  Thus, as Plaintiff failed to allege any

---

[2] Although LPS is a private security firm and performs functions similar in nature to state law enforcement agencies, Plaintiff's allegations arise from LPS's termination of his employment, not from any activities undertaken by LPS that are traditionally exclusively performed by official law enforcement agencies. (Compl. ¶ III.)  *See contra Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 354-55 (4th Cir. 2003) (where the defendant private security guard was found to have acted under color of state law when he arrested the

4

facts suggesting that the Lankford Defendants acted under color of state law, his Section 1983 claim against them fails as a matter of law.

**Plaintiff's Section 1983 Conspiracy Claim**

To state a claim for civil conspiracy under Section 1983, a party must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy fail to state a claim for relief. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1007 (4th Cir. 1987). Rather, the plaintiff must allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421. Therefore, general allegations of conspiracy are not sufficient. *See Twombly*, 550 U.S. at 556-57.

In support of his conspiracy claim, Plaintiff alleges that Defendant Vickie Huskey, in her official capacity as an employee of the Standards Commission, conspired with her "close friend" Samuel Lankford to prevent Plaintiff from pursuing a career as a law enforcement officer. (Compl. ¶ III (5).) The only facts that Plaintiff offers in support of his conspiracy claim are that Vickie Huskey and Samuel Lankford

---

plaintiff alongside of sheriff's deputies acting in their official capacity).

are friends, that Vickie Huskey signed the form provided to her by LPS outlining its reasons for terminating Plaintiff's employment, that she was reluctant to provide Plaintiff with the form when he demanded it, and that future employers had to speak with her before beginning the process of hiring him. (*Id.* ¶ III (5-8).) Plaintiff, however, fails to allege any facts to support his contention that Samuel Lankford and Vickie Huskey are friends, and furthermore, he fails to offer a single fact suggesting that the two acted in concert. All Plaintiff offers is a conclusory and somewhat outlandish theory that Vickie Huskey "helped" Samuel Lankford prevent Plaintiff from pursuing a career in his chosen field. (*Id.* ¶ III (16-17).) As such, Plaintiff's allegations regarding a conspiracy by Defendants do not rise above the level of mere speculation and thus cannot serve as a basis for relief.

**Plaintiff's State Law Defamation Claim**

After dismissing all claims over which it has original jurisdiction, federal courts have wide discretion to decide whether to retain supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). In fact, the Supreme Court has recognized that where federal claims are dismissed early in an action, the court "ha[s] a powerful reason to choose not to exercise jurisdiction" over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). As Plaintiff's federal claims fail to state an avenue for relief, this court should decline to exercise jurisdiction over Plaintiff's defamation claim.

**Conclusion**

For the foregoing reasons, Plaintiff's IFP application is **GRANTED** for the limited purpose of entering this recommendation, the clerk is **DIRECTED** to file the complaint, and it is **RECOMMENDED** that Plaintiff's federal claims be dismissed as frivolous or for failure to state a claim. 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the court dismiss Plaintiff's state law claims without prejudice to Plaintiff's right to file them in state court.

_____
WALLACE W. DIXON
United States Magistrate Judge

April 16, 2010