# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ERIC STUDIVENT,       )
                              )
                Plaintiff,    )
                              )
          v.                  )          1:10CV144
                              )
SAMUEL LANKFORD, et al.,      )
                              )
                Defendant(s). )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1), originally filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). United States Magistrate Judge Wallace W. Dixon previously entered an Order and Recommendation granting Plaintiff pauper status solely for the purpose of the Court considering a recommendation of dismissal under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. (<u>See</u> Docket Entry 5.) Plaintiff objected. (<u>See</u> Docket Entries 8, 9.) When Plaintiff's Objections came before United States District Judge Thomas D. Schroeder, he noted that, after the referral of Plaintiff's pauper application to Magistrate Judge Dixon, but before entry of Magistrate Judge Dixon's Order and Recommendation, Plaintiff filed an Amended Complaint. (<u>See</u> Docket Entry 10 at 1; <u>see also</u> Docket Entry dated Feb. 23, 2010; Docket Entries 4, 5.)

Accordingly, Judge Schroeder ordered the matter returned to Magistrate Judge Dixon for further consideration because "[i]t appear[ed] that [his] Recommendation [wa]s based on review of Plaintiff's Complaint [rather than Plaintiff's Amended Complaint]." (Docket Entry 10 at 1 (internal parenthetical citation omitted).) Judge Schroeder directed Magistrate Judge Dixon to determine "whether the Amended Complaint passes muster under 28 U.S.C. § 1915." (<u>Id.</u> (internal parenthetical citation omitted).) Magistrate Judge Dixon retired without taking further action and the matter thereafter was referred to the undersigned Magistrate Judge. (<u>See</u> Docket Entries dated Oct. 31 and Nov. 1, 2011.)

<u>LEGAL STANDARD</u>

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr.</u>

Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).  Accord Atherton v. District of

<u>DISCUSSION</u>

Magistrate Judge Dixon construed the Complaint as "seeking relief pursuant to 42 U.S.C. § 1983 and a state common law defamation claim." (Docket Entry 5 at 1.) More specifically, he observed that the Complaint "allege[d] that the Lankford Defendants [i.e., Defendants Samuel and Deborah Lankford, the proprietors of Defendant Lankford Protective Services] placed damaging information in his employment record and thereby compromised his right to seek employment as a law enforcement officer . . . [and that] Defendant Vickie Huskey, in her capacity as an employee of [Defendant] Criminal Justice Education and Training Standards Commission (hereinafter 'Standards Commission'), conspired with the Lankford Defendants to prevent Plaintiff from pursuing a career in law enforcement." (<u>Id.</u> at 2.) In addition, Magistrate Judge Dixon declined to construe the Complaint as "assert[ing] an individual claim pursuant to Section 1983 against Defendant Vickie Huskey" and noted that the Complaint lacked "any allegations against [Defendant] Standards Commission as an entity." (<u>Id.</u> at 2 n.1.)

As to the three claims asserted in the Complaint, Magistrate Judge Dixon recommended dismissal on the following grounds:

---

<u>Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 129 S. Ct. at 1950, respectively)), <u>cert. denied</u>, 130 S. Ct. 2064 (2010).

-4-

1) the Section 1983 claim against the Lankford Defendants regarding their alleged submission of false information to Defendant Standards Commission failed as a matter of law because it lacked sufficient allegations "to establish that the Lankford Defendants acted under color of state law" (id. at 4);

2) Plaintiff's Section 1983 conspiracy claim against the Lankford Defendants and Defendant Huskey failed as a matter of law because the "allegations regarding a conspiracy by [said] Defendants do not rise above the level of mere speculation and thus cannot serve as a basis for relief" (id. at 6); and

3) "[a]s Plaintiff's federal claims fail[ed] to state an avenue for relief, this [C]ourt should decline to exercise jurisdiction over Plaintiff's defamation claim" (id.).

Plaintiff's Amended Complaint does not contain any new allegations that would alter Magistrate Judge Dixon's conclusions regarding the insufficiency of any Section 1983 claim against the Lankford Defendants and any Section 1983 conspiracy claim against the Lankford Defendants and Defendant Huskey. In other words:

1) the Amended Complaint's Section 1983 claim against the Lankford Defendants for alleged submission of false information to Defendant Standards Commission continues to fail as a matter of law for want of sufficient allegations of state action; and

2) the Amended Complaint's Section 1983 conspiracy claim against the Lankford Defendants and Defendant Huskey continues to

fail as a matter of law due to the conclusory nature of the allegations.[2]

However, the Amended Complaint contains new allegations that Defendant Huskey violated Section 1983 by denying Plaintiff due process in connection with the false information the Lankford Defendants submitted to Defendant Standards Commission (and which affected Plaintiff's law enforcement certification). In this regard, the Amended Complaint alleges that:

1) Defendant Huskey "was suppose [sic] to be un-bias [sic] and was responsible for investigating any and all claims . . . [but] [i]nstead she did no investigation [of the false information submitted by the Lankford Defendants]" (Docket Entry 4 at 5);

2) Defendants Huskey (as an official of the State of North Carolina) provided Plaintiff with a "lack of 'due process'" as to the false information submitted by the Lankford Defendants (id. at 6); and

3) Defendant Huskey told Plaintiff that "the only way [he] could get an administrative hearing [about the false information submitted by the Lankford Defendants] was if a [law enforcement] department showed interest in hiring [Plaintiff] . . . [which] practice by the State of North Carolina is unfair and violate[s] the common law principle of 'innocent until proven guilty' . . . [,

_____

[2] Indeed, the legal insufficiency of these Section 1983 and Section 1983 conspiracy claims rises beyond the level necessary to trigger dismissal for failure to state a claim under Section 1915(e)(2)(B)(ii), to such a level as to qualify said claims as frivolous under Section 1915(e)(2)(B)(i).

leaves Plaintiff with] no way to defend [himself,] . . . [and] violates U.S. Constitutional Law" (id. at 7-8).

These allegations suffice to allow Plaintiff to proceed beyond initial screening under 28 U.S.C. § 1915(e)(2)(B), as to a Section 1983 claim against Defendant Huskey for violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. However, even if Plaintiff ultimately prevailed on this claim, he could recover damages only against Defendant Huskey in her individual capacity and could receive only injunctive relief against Defendant Huskey in her official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 60-71 & n.10 (1989) (holding that state agency does not constitute "person" subject to suit under Section 1983 and limiting official-capacity claim against state official to injunctive relief).

Because a Section 1983 claim against Defendant Huskey can proceed beyond initial screening under Section 1915(e)(2)(B), the Court no longer may decline, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over any state law defamation claim, as Magistrate Judge Dixon recommended. Nor do any of the other grounds for discretionary declination of supplemental jurisdiction, see 28 U.S.C. § 1367(c)(1), (2), and (4), appear to apply to such a claim. Assuming, however, that the Court must exercise supplemental jurisdiction under Section 1367 over any defamation claim in the Amended Complaint, said claim would remain

subject to screening under Section 1915(e)(2)(B).  In conducting that screening, the Court may dismiss as frivolous any defamation claim in the Amended Complaint, if the allegations in the Amended Complaint establish that the applicable statute of limitations bars the claim.  See Nasim, 64 F.3d at 955-56.

The only non-conclusory defamation claim in the Amended Complaint concerns statements, "[o]n February 19, 2007, . . . [that Defendant Samuel Lankford] submitted to [Defendant] Standards Commission [in] a report of [Plaintiff's] separation from his employment [with Defendant Lankford Protective Services]" (Docket Entry 4 at 6-7 (emphasis added)).  "North Carolina has a one year statute of limitations for defamation claims." Martin v. Boyce, 217 F.R.D. 368, 371 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 1-54(3)).[3]  "A defamation cause of action begins to accrue at the date of the publication of the defamatory words."  Id. (internal quotation marks omitted).  Because Plaintiff did not commence this action until February 19, 2010 (see Docket Entry 2 at 1, 9), the Court should dismiss the only non-conclusory defamation claim in the Amended Complaint as frivolous under Section 1915(e)(2)(B)(i).[4]

---

[3] In contrast, a three-year statute of limitations applies to Plaintiff's Section 1983 claim against Defendant Huskey.  See Love v. Alamance Cnty. Bd. of Educ., 757 F.2d 1504, 1506 n.2 (4th Cir. 1985); Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 804 (M.D.N.C. 2011) (Schroeder, J.) (citing, inter alia, National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991)).

[4] Any conclusory defamation claim in the Amended Complaint fails to state a claim and qualifies as frivolous, thus warranting dismissal under Section 1915(e)(2)(B).

As a final matter, the undersigned Magistrate Judge notes that Plaintiff's pauper application relied on the fact that he lacked steady employment. (See Docket Entry 1 at 3.) However, Plaintiff recently filed a change of address notice directing service upon him at a business. (See Docket Entry 11 at 1.) When a plaintiff seeks to proceed as a pauper, "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). Plaintiff therefore must provide an updated pauper application, so that the Court can determine if Plaintiff qualifies to proceed as a pauper as to the Section 1983 claim against Defendant Huskey.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF RECOMMENDING DISMISSAL OF ALL CLAIMS IN THE AMENDED COMPLAINT EXCEPT PLAINTIFF'S SECTION 1983 CLAIM AGAINST DEFENDANT HUSKEY IN HER INDIVIDUAL AND OFFICIAL CAPACITIES FOR DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a new application to proceed as a pauper, that Plaintiff shall file the completed application with the Court on or before December 7, 2011, and that the Clerk shall refer the filed application to the undersigned Magistrate Judge for a determination as to whether Plaintiff may proceed as a pauper as to his Section 1983 claim

against Defendant Huskey. **FAILURE BY PLAINTIFF TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss all claims in the Amended Complaint as frivolous and for failure to state a claim, except Plaintiff's Section 1983 claim against Defendant Huskey in her individual and official capacities for deprivation of due process in violation of the Fourteenth Amendment to the United States Constitution.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 7, 2011