IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ERIC STUDIVENT,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:10-cv-144
                                  )
SAMUEL LANKFORD, et al.,          )
                                  )
            Defendants.           )

## ORDER

This case began when Plaintiff filed a Complaint, along with an Application for Leave to Proceed in forma pauperis. (See Docs. 1, 2.) United States Magistrate Judge Wallace W. Dixon entered an Order and Recommendation granting Plaintiff pauper status solely for the purpose of the court considering a recommendation of dismissal of the Complaint under 28 U.S.C. § 1915(e)(2)(B). (See Doc. 5.) However, before entry of Magistrate Judge Dixon's Order and Recommendation, Plaintiff filed an Amended Complaint. (See Doc. 10 at 1; see also Docket Entry dated Feb. 23, 2010; Docs. 4, 5.)

As a result, the matter was returned to Magistrate Judge Dixon for a determination of "whether the Amended Complaint passes muster under 28 U.S.C. § 1915." (Doc. 10 at 1 (internal parenthetical citation omitted).) Upon Magistrate Judge Dixon's retirement, the case was referred to United States Magistrate Judge L. Patrick Auld, who recommended that (pursuant to 28 U.S.C. § 1915(e)(2)(B)) the court dismiss all claims in the Amended Complaint as frivolous

and/or for failure to state a claim, except Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Vickie Huskey (in her individual and official capacities) for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (See Doc. 12 at 9.) The Clerk of Court gave Plaintiff proper notice of Magistrate Judge Auld's Recommendation pursuant to 28 U.S.C. § 636. (See Doc. 13.) Plaintiff objected within the time limit prescribed by section 636 (as extended by Order of the court). (See Doc. 18; see also Doc. 15.)

The court concludes that Plaintiff's Amended Complaint superseded his original Complaint and rendered moot Magistrate Judge Dixon's Recommendation. In addition, the court has reviewed Plaintiff's objections[1] to Magistrate Judge Auld's Recommendation de novo and has determined that they do not change the substance of

---

[1] Plaintiff's unverified objections raise a number of new facts and allegations not presented to either Magistrate Judge. Plaintiff, for example, states for the first time that his former employers' decision to characterize him as a "loose cannon" may have been motivated by racial animus. (Doc. 18 at 9 10.) A district court's de novo review of a Magistrate Judge's Recommendation does not require it to consider new factual allegations not raised to the Magistrate Judge. See 28 U.S.C. § 636(b)(1) (indicating that the district court "may . . . receive further evidence"). To the extent such statements can be said to raise new facts, in the interest of judicial economy the court declines to consider Plaintiff's new and unverified factual allegations.

the recommended disposition.[2] Accordingly, Magistrate Judge Auld's Recommendation is hereby adopted.

IT IS THEREFORE ORDERED that Magistrate Judge Dixon's Recommendation (Doc. 5) is STRICKEN AS MOOT.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2), all claims in Plaintiff's Amended Complaint (Doc. 4)

---

[2] Plaintiff's principal objection to the Magistrate Judge's Recommendation is that his former employers, who operate a private security agency sanctioned under N.C. Gen. Stat. § 74E et seq., are state actors for purposes of 42 U.S.C. § 1983. A plaintiff bears the burden of showing that the actions of a private entity should be attributed to the state. See Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). The Supreme Court, however, has specifically left open the question of whether private police officers may be considered state actors under section 1983. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 163 64 & n.14 (1978). Here, Plaintiff has made no factual allegation that plausibly demonstrates that his former employers exercised the type of police power that would subject them to liability as state actors under section 1983. See N.C. Gen. Stat. § 74E 6 (limiting the jurisdiction of company police officers); Advisory Opinion: Territorial Jurisdiction of Company Police Officers, 2001 N.C. AG LEXIS 4, at *14 (Feb. 23, 2001). Compare Henderson v. Fisher, 631 F.2d 1115, 1118 19 (3d Cir. 1980) (per curiam) (concluding that the delegation of police powers to a university's campus police officers supported the conclusion that the actions of the police force constituted "state action" under section 1983), with Wade v. Byles, 83 F.3d 902, 904, 907 (7th Cir. 1996) (holding that a private security guard, whose authority was "local in nature and limited in scope," was not a state actor for purposes of section 1983). Even assuming Plaintiff's former employers' exercise of police power constituted state action, however, it is unclear how the delegation of police power is sufficient to subject them to liability under section 1983 in the employment context. Cf. Payton v. Rush Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 629 (7th Cir. 1999) ("[I]f the state cloaks private individuals with virtually the same power as public police officers, and the private actors allegedly abuse that power to violate a plaintiff's civil rights, that plaintiff's ability to claim relief under § 1983 should be unaffected."); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975) (concluding that an off duty, plain clothed police officer was acting under "color of law" when he shot three individuals after an altercation at a bar, but noting that "[i]t is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law").

(which superseded his original Complaint (Doc. 2)) are DISMISSED as frivolous and/or for failure to state a claim, except for Plaintiff's section 1983 claim against Defendant Huskey in her individual and official capacities for deprivation of due process in violation of the Fourteenth Amendment to the United States Constitution.  The docket and case caption shall hereinafter reflect Defendant Huskey as the sole Defendant.

                                           /s/ Thomas D. Schroeder
                                          United States District Judge

April 10, 2012