IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL STUDIVENT,             )
                               )
         Plaintiff,            )
                               )
    v.                         )      1:10CV144
                               )
VICKIE HUSKEY,                 )
                               )
         Defendant.            )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court (per the undersigned United States Magistrate Judge) on Plaintiff's pro se Motion to Reconsider (Docket Entry 31). (See Docket Entry dated Jan. 14, 2013.) For the reasons that follow, the Court will deny the instant Motion.

### BACKGROUND

This case began when Plaintiff filed an Application to Proceed In Forma Pauperis (Docket Entry 1), along with a Complaint against Defendant Vickie Huskey and four other individuals and entities (Docket Entry 2). United States Magistrate Judge Wallace W. Dixon reviewed the Complaint, as required by 28 U.S.C. § 1915(e)(2), and recommended dismissal. (Docket Entry 5.) After requesting and receiving an extension of time (see Docket Entry 7; Text Order dated May 10, 2010), Plaintiff objected (Docket Entries 8, 9). The Court (per United States District Judge Thomas D. Schroeder) ordered the matter returned to Magistrate Judge Dixon for further

consideration in light of Plaintiff's filing of an Amended Complaint.  (Docket Entry 10; see also Docket Entry 4.)

Magistrate Judge Dixon did not take further action on the case prior to his retirement, whereupon it was re-assigned to the undersigned Magistrate Judge.  (See Docket Entries dated July 14, 2010, to Oct. 31, 2011.)  The undersigned Magistrate Judge thereafter promptly recommended that the Court dismiss the case, except as to the individual and official capacity claims under 42 U.S.C. § 1983 against Defendant Huskey for due process violations. (Docket Entry 12 at 10.)  After requesting and receiving an extension of time (Docket Entries 14, 15), Plaintiff objected (Docket Entry 18).  The Court (per Judge Schroeder) adopted the foregoing Recommendation.  (Docket Entry 21.)

On June 15, 2012, Defendant Huskey moved to dismiss.  (Docket Entry 25.)  Plaintiff thereafter sought a lengthy extension of time until November 23, 2012, to respond.  (Docket Entry 28.)  In his supporting Affidavit, Plaintiff cited his involvement in another case, the difficulty he (as a pro se litigant) faced in addressing the argument and authority presented by Defendant Huskey (via her two attorneys from the North Carolina Department of Justice), family and personal matters that required Plaintiff's attention, and Defendant Huskey's prior receipt of an extension of time from May 7 to June 15, 2012, to answer or otherwise respond to the Amended Complaint.  (Docket Entry 29 at 2-3; see also Docket Entry

dated Apr. 25, 2012; Text Order dated June 1, 2012.) The Court (per the undersigned Magistrate Judge) granted Plaintiff's foregoing extension request. (Text Order dated July 26, 2012.)

On November 21, 2012 (two days before the extended response deadline), Plaintiff moved for yet another extension. (Docket Entry 30.) Specifically, Plaintiff asked (inconsistently) "for a <u>One hundred and eighty (180)</u> day extension of time, up to and including the 5 of August, 2013, to . . . respond to Defendant's Motion to Dismiss." (<u>Id.</u> at 1 (emphasis in original).)[1] In support of that request, Plaintiff repeated the same arguments he had identified in connection with his prior extension request, supplemented only by some additional details about the personal and family difficulties that required his time (i.e, that he had to care for his aging parents, one of whom had Alzheimer's Disease). (<u>Id.</u> at 2-3.) The Court (per the undersigned Magistrate Judge) granted the foregoing request in part, as follows:

> Plaintiff shall respond to [Defendant Huskey's] Motion to Dismiss by <u>01/22/2013</u>. The Court previously granted Plaintiff an extension of more than four months to respond and Plaintiff now seeks an additional six or nine months to respond (depending on what part of his instant Motion one considers controlling). The Court sympathizes with the hardships Plaintiff has identified, but cannot defer a response more than two months further under the circumstances. Plaintiff has instituted this litigation and must either see it through or abandon it. He cannot ask the Court simply to allow it to linger. Plaintiff

---

[1] Given the then-existing deadline of November 23, 2012, an extension of 180 days would have run to approximately May 22, 2013, not August 5, 2013.

-3-

> should not anticipate receiving further extensions
> predicated on the same claims of lack of time as have
> garnered him relief to this point.

(Text Order dated Nov. 21, 2012 (emphasis added).)

Three-quarters of the way through the foregoing, additional two-month extension, Plaintiff filed the instant (15-page) Motion to Reconsider (Docket Entry 31) and a supporting (four-page) Third Affidavit (Docket Entry 32). As relief, Plaintiff asked that the Court "give [him] until August 5, 2013 to respond to the Defendant's motion to dismiss this case." (Docket Entry 31 at 1.)

DISCUSSION

Much of Plaintiff's instant Motion simply reviews the grounds for extension articulated in his prior extension motions and related affidavits. (See id. at 4-8.) The instant Motion then declares that "[b]y law [it] should be accepted and [Plaintiff's requested] extension of time [to August 5, 2013 should] be granted for the following reasons" (id. at 8):

"1) [m]ost importantly [Defendant Huskey] did not put pen to paper asking the [C]ourt to deny [Plaintiff's prior] motion [requesting an extension of that length]" (id. at 8-9);

"2) . . . the [C]ourt t[ook] almost two years before allowing the [C]omplaint to go forward, but refuse[d] to grant the same time to [Plaintiff]" (id. at 9); and

"3) . . . the [C]ourt is not allowed to view a [p]ro se [litigant] in the same manner as an experienced licenced [sic]

-4-

attorney . . . [or to] view one man in the same light as a firm or team of attorneys" (id. at 11).

Plaintiff's instant Motion does not identify any rule or other authority via which he seeks reconsideration of the Court's interlocutory decision to extend the deadline for his response to Defendant Huskey's Motion to Dismiss by a further two months, rather than the additional eight-plus months Plaintiff requested. (See Docket Entry 31 at 1-15.) In fact, "[t]he Federal Rules of Civil Procedure do not provide for a motion for reconsideration, denominated as such." Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001); accord, e.g., Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). They do, however, state:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, the "Court may revisit interlocutory orders at any time prior to final judgment . . . when justice so requires it, but [such reconsideration] is discretionary . . . ." United States v. Duke Energy Corp., 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) (Eliason, M.J.).

In that regard, although "the standards governing reconsideration of final judgments under Fed[eral] R[ule of] Civ[il] P[rocedure] 59(e) do not limit a court's authority to

reconsider an interlocutory decision, courts in the Fourth Circuit have routinely looked to those factors as a starting point in guiding their discretion under Fed[eral] R[ule of] Civ[il] P[rocedure] 54(b)." Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished) (internal citations omitted). Those factors permit reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Additionally, in the context of reconsideration of interlocutory orders under Federal Rule of Civil Procedure 54(b), this Court "previously has declared that '[a] motion to reconsider is appropriate when the [C]ourt has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.'" Volumetrics Med. Imaging, 2011 WL 6934696, at *2 (quoting Duke Energy, 218 F.R.D. at 474).

"Conversely, 'a motion to reconsider [under Federal Rule of Civil Procedure 54(b)] is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter.'" Id. (quoting Hinton v. Henderson,

-6-

No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (unpublished) (internal citations and quotation marks omitted)). In other words, "[e]ven under th[e] expanded standard [applicable to interlocutory orders], it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through — rightly or wrongly." North Carolina ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008) (unpublished) (internal quotation marks omitted). This approach makes sense not only because "[t]he limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court [but also because] . . . allow[ing] motions to reconsider offhandedly or routinely would result in an unending motions practice." Wiseman, 215 F.R.D. at 509; accord, e.g., Coryn Grp. II, LLC v. OC Seacrets, Inc., Civil No. WDQ-08-2764, 2011 WL 4701749, at *2 n.4 (D. Md. Sept. 30, 2011) (unpublished) ("Routine reconsideration of interlocutory orders would undermine judicial economy and respect for the finality of decisions.").

In light of the foregoing authority, Plaintiff's instant Motion does not provide a sound basis for reconsideration. Instead, the instant Motion largely reiterates the same matters the Court considered when it entered the prior Order setting January 22, 2013, as the deadline for Plaintiff to respond. Such mere re-

argument does not suffice, at least where (as here) the record does not establish that the Court misunderstood Plaintiff's prior arguments or otherwise obviously erred.  See Pacific Ins., 148 F.3d at 403; Volumetrics Med. Imaging, 2011 WL 6934696, at *2; see also Spear v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996) ("What happened in this case is that [the district court], wh[ich] had generously given [the plaintiff] more than enough time to get his act together, decided there would be no more extensions, and we cannot say [it] was wrong to put [its] foot down as [it] did.").

Nor do the three grounds for reconsideration expressly identified in the instant Motion (i.e., the absence of documented objection by Defendant Huskey (Docket Entry 31 at 8-9), delay by the Court at the inception of the case (id. at 9-10), and Plaintiff's pro se status (id. at 11)) warrant relief.  First, the fact that the Court acted on Plaintiff's most-recent extension request without awaiting a response from Defendant Huskey carries no significance.  Defendant Huskey filed (and served by mail) her Motion to Dismiss on June 15, 2012.  (Docket Entry 25 at 1-2.) Under the applicable rules, Plaintiff thus had to respond by July 9, 2012.  See M.D.N.C. LR 7.3(f); Fed. R. Civ. P. 6(a)(1) and (d); see also Fed. R. Civ. P. 5(b)(2)(C).  At Plaintiff's request, the Court, however, extended that response time by more than five-fold (i.e., by adding 136 days to the original allotment of 24 days), resulting in a deadline of November 23, 2012.  (See Text Order

-8-

dated July 26, 2012.)  Plaintiff then waited until all but two of additional 136 days had passed to file his second extension request (see Docket Entry 30 at 1), which he purportedly served by mail one day earlier (see id. at 9).  To defer action until Defendant Huskey's response time (of 21 days, see M.D.N.C. LR7.3(f), plus three days due to service by mail, see Fed. R. Civ. P. 6(d)), as well as the 17 days for Plaintiff to reply, see M.D.N.C. LR 7.3(h); Fed. R. Civ. P. 6(d), all had passed would have unduly delayed matters and would have left uncertainty about what deadline would apply for too long, circumstances the Court need not tolerate. See, e.g., Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 594 (7th Cir. 2012) (taking note of its prior "reason[ing] that district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"); Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 148 n.4 (S.D.N.Y. 2012) ("[F]ocus on the purported agreement of the parties [to an extension] ignores th[e] fact that the court, too, has an interest in ensuring that the parties abide by the deadlines it sets.").

Similarly, the unfortunate delay that occurred at the inception of this case does not entitle Plaintiff to reconsideration of the Court's subsequent determination that a period of more than seven months (from June 15, 2012, to January 22, 2013) constitutes sufficient time for him to respond to

-9-

Defendant Huskey's Motion to Dismiss under the circumstances of this case. Simply put, no connection exists between any prior delay attributable to the Court and Plaintiff's pursuit of further delay. Finally, Plaintiff's pro se status does not exempt him from the rules and related authority that set (and require enforcement of) reasonable deadlines. See, e.g., Dancy v. University of N.C. at Charlotte, No. 3:08CV166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (unpublished) ("[E]ven pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989))); DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) ("'[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'" (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994))).[2]

## CONCLUSION

Plaintiff has failed to provide a valid basis for reconsideration of this Court's prior Order setting January 22, 2013, as the deadline for his response to Defendant Huskey's Motion to Dismiss. In sum, given the relevant circumstances, the Court "ha[s] generously given [Plaintiff] more than enough time to get

---

[2] Plaintiff also has failed to show cause to support his request for oral argument and re-assignment of his instant Motion to a judicial official with no prior involvement in this case or another case in which Plaintiff appeared as a defendant. (See Docket Entry 31 at 15.)

-10-

his act together [and reasonably has] decided there [sh]ould be no more extensions [beyond January 22, 2013]," Spear, 74 F.3d at 157.

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Motion to Reconsider (Docket Entry 31) is **DENIED**.

                                                  /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                     **United States Magistrate Judge**

January 16, 2013